IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

FILED

March 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| FIRST AMERICAN NATIONAL BANK, | ) ) ) | Madison County Chancery Court No. 48389 |
| Plaintiff/Appellee. | ) ) ) | HON. JOE C. MORRIS, CHANCELLOR |
| VS. | ) ) | C.A. No. 02A01-9710-CH-00273 |
| ALEXANDER SMITH and BETTY K. SMITH, | ) ) ) | AFFIRMED AND REMANDED |
| Defendants/Appellants. | ) ) ) | OPINION FILED: |

**Marcus M. Reaves,** Jackson, Tennessee, for Defendants/Appellants.

**James Belew Webb**, Milan, Tennessee, for Plaintiff/Appellee.

---

## MEMORANDUM OPINION[1]

---

### FARMER, J.

Alexander Smith and Betty K. Smith appeal from a judgment entered against them in favor of First American National Bank (Bank). The Bank sued to recover the deficiency owed on a note executed by Mr. and Mrs. Smith after sale of the collateral, a 1990 Chevrolet van, and for interest and attorney's fees as provided in the note. The Smiths filed a counterclaim alleging that the Bank breached its agreement to allow them to refinance and for the value of items of personal property and contracts which were in the van at the time it was repossessed and resulting loss of business due to loss of the contracts. The chancellor denied recovery on the counter complaint.

It is undisputed that Alexander Smith and Betty K. Smith entered into a retail installment sale contract and security agreement with Casey Chevrolet, Inc. which was assigned to Bank. The indebtedness was in the amount of $28,729.06 bearing interest at the rate of fourteen and

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion.** -- (b) The court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

one-half percent (14.5%) payable in sixty months at $675.94 per month beginning May 17, 1990.

It is further undisputed that Alexander Smith filed a petition in bankruptcy and thereafter entered into a Reaffirmation Agreement whereby he was to pay the Bank the sum of $23,827.05 at the rate of twelve and one-half percent (12.5%) payable at $536.18 per month beginning June 20, 1991. On February 24, 1993, Bank assigned to United Auto Recovery to repossess the collateral and it was repossessed on March 1, 1993.

The issues as presented by Appellants are as follows:

1. Appellee is not entitled to judgment against Appellants for breach of retail installment contract and security agreement.

2. Appellants are entitled to judgment against Appellee for damages caused by negligence in bailee-bailor relationship.

This matter was tried before the chancellor. As no findings of fact were made other than the rendering of the judgment, our review of this matter is *de novo* upon the record of the trial court.

James Nathan Buckley[2] testified that, following Mr. Smith's execution of the Reaffirmation Agreement, Mr. Smith made three payments, one each in July, August and September of 1991. Mr. Smith had a discussion with Mr. Buckley, in December, 1991 at which point he told Mr. Smith that the only way he could keep the van was to catch the payments up to date. No other payments were received.

Eugene Douglas, Assistant Vice President with First American, testified that he is with the service center in Nashville and his responsibility at all times here pertinent was repossessions. When a borrower files bankruptcy, the bank transfers the files to the recovery

---

[2]He is identified as Nathan Duncan in the transcript, Nathan Buckley in the statement of the evidence and signed the Reaffirmation Agreement for the Bank as James Nathan Buckley. Therefore we will refer to him by the latter.

department. He testified that there was a default on the loan after the bankruptcy and the Bank approved repossession. On February 24, it was assigned to United Auto Recovery in Memphis to repossess the collateral. It was repossessed on March 1, 1993 and on March 3, 1993 a notice of private repossession of sale[3] was sent to the defendants. The notice of private repossession was mailed to Alexander Smith and Betty K. Smith, 70 Flint Drive, Jackson, Tennessee, advising them that the vehicle would begin to be offered for sale after March 13, 1993 and any personal property could be reclaimed by calling him at the number set forth in the notice. A certified receipt bears the signature of B. Smith.

He further testified that the sale was conducted in a commercially reasonable manner and the proceeds were applied to the debt. He testified that the balance owed including principal and interest through the date of the trial was $23,528.97 and that the per diem interest was $4.75. $11,000 was realized from the sale of the van.

He testified on cross-examination that the file was turned over to him on February 23, 1993. He identified an inventory of personal property which he received from United Auto Recovery as follows:

> 1 gold ring  1 gold bridge - in safe
> Avon - After shave - deodorant
> Bible - Cap - Shades
> VCR - Tapes - Cass. Tapes
> Bag with Paper - Note pad
> Booster Cable - funnel
>
> T.V. in Van
> Vac. In Van
> Head phone in Van
> Cass. deck in back of Van & speaker

Gerald Andreoni testified that in February of 1993 he was employed by United Auto Recovery. He prepared the personal property inventory. The gold ring and gold bridge were placed

---

[3]The notice of private repossession sale states that "any personal belongings not part of the collateral may be reclaimed within ten days. For any needs or information regarding this collateral or the sale, contact Eugene Douglas at First American National Bank, Nashville, TN. Phone (615) 781-7341."

in the safe. The last four items on the list were built into the van and stayed with the van. The personal property is boxed and put into a locked room where it is kept for 6 months. At the end of 6 months if no one claims it, it is given to a charitable institution or disposed of. An employee named Chris and possibly one other individual did the actual repossession.

Alexander Smith testified that, after reaffirming the debt, he made three payments but "was not allowed to make any others." He testified that at the time the van was repossessed it contained a taped commercial for his business which would cost $5,000 to replace, work clothing valued at $200, telephone antenna $60, black leather jacket $200, Bible $60, 7 VHS tapes valued at $250 each and a brief case valued at $75. He testified that the van also contained the originals and only copies of bids he had made on contracts for work.

Betty K. Smith testified that after the van was repossessed they received a certified letter from First American Bank stating that the van was in its possession. She also testified as to the items which were left in the van at the time of repossession. She was unsure of the value of the items. Neither Mr. or Mrs. Smith testified as to any efforts they made to obtain the personal property in the van at the time of repossession.

Upon reviewing the record in this cause, we have determined that the evidence supports the judgment of the trial court that Bank was entitled to recover against the Defendants.

As to the second issue, a bailment is a delivery of personalty for a particular purpose or on mere deposit, on a contract expressed or implied, that after the purpose has been fulfilled, it shall be re-delivered to the person who delivered it or otherwise dealt with according to his direction or kept until he reclaims it. *Merritt v. Nationwide Warehouse Co.*, 605 S.W.2d 250, 252 (Tenn. App. 1980); *Rhodes v. Pioneer Parking Lot, Inc.*, 501 S.W.2d 569 (Tenn. 1973); *Jernigan v. Ham*, 691 S.W.2d 553, 556 (Tenn. App. 1984). We do not agree with the appellants that the situation presented here constitutes a bailment. The judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellants, Alexander Smith and Betty K. Smith and their surety, for which execution may issue if necessary.

4

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

5